NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SMALL BUSINESS FINANCE
ASSOCIATION,

         Plaintiff - Appellant,

  v.

KHALIL MOHSENI, solely in his official
capacity as Commissioner of the California
Department of Financial Protection and
Innovation,

         Defendant - Appellee,

No. 24-50

D.C. No.
2:22-cv-08775-RGK-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 27, 2025
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

    Plaintiff-Appellant Small Business Finance Association ("SBFA") is a trade

association of commercial financing providers. Pursuant to 42 U.S.C. § 1983,

SBFA challenges regulations issued by California Department of Financial

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Protection and Innovation ("DFPI"), of which Defendant-Appellee Khalil Mohseni is the Commissioner,[1] on the basis that the regulations compel SBFA's members to engage in commercial speech in violation of the First Amendment. *See* Cal. Fin. Code § 22804; Cal. Code Regs., tit. 10, §§ 900, *et seq.* For products such as sales-based financing and open-end credit, the regulations require financing providers to issue—alongside the financing offers—disclosures consisting of standardized terms. *See* Cal. Code Regs., tit. 10, §§ 911, 914. After the close of discovery, the district court granted DFPI's motion for summary judgment against SBFA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

"We review a grant of summary judgment . . . de novo, applying the same standard of review as the district court under Federal Rule of Civil Procedure 56." *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). Under Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In judging evidence at the summary judgment stage, the court draws all reasonable inferences in the light most favorable to the

---

[1] On April 1, 2025, Defendants filed a Notice of Official Substitution, informing the court that Defendant Mohseni replaced Clothilde Hewlett, the original defendant, as Commissioner of DFPI. *See* Dkt. 51.

[2] The panel additionally grants leave to file the amicus curiae briefs. *See* Dkts. 26, 28.

nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). "Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion and can only be reversed if both manifestly erroneous and prejudicial." *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (cleaned up); *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1227 (9th Cir. 1998) (applying standard to ruling on the admissibility of expert testimony).

1. The constitutionality of the compelled disclosures is properly assessed under the lower scrutiny standard for commercial speech, provided by *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626 (1985). "To qualify for review under *Zauderer*, the compelled commercial speech at issue must disclose 'purely factual and uncontroversial information.'" *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1275 (9th Cir. 2023) ("*NAWG*") (quoting *Zauderer*, 471 U.S. at 651); *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755, 767–68 (2018) ("*NIFLA*"). SBFA fails to put forth evidence that would support a reasonable inference that the compelled disclosures are not purely factual or contain controversial information.

a. The factual nature of the disclosures must be assessed both "sentence by sentence" to determine if they are "literally true," and in totality to determine if

they are misleading. *CTIA - The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 846–47 (9th Cir. 2019) ("*CTIA II*"); *NAWG*, 85 F.4th at 1276.

i. SBFA specifically challenges only a few phrases of the disclosures as "literally false," but each of SBFA's challenges is an issue of semantics, rather than truth or falsity. For example, SBFA says the word "fees" in the description of "Estimated Annual Percentage Rate (APR)," Cal. Code Regs., tit. 10, § 914(a)(3), is an incorrect label for the cost of funding for sales-based financing because the cost is really "a discount between the purchase price and the amount of future receipts the provider may hypothetically collect." But SBFA's evidence merely establishes that it is the preference of the financing providers to use the term "discount," not that the term "fee" is untrue. Moreover, SBFA does not show that the word "discount" is any more accurate than the word "fee." *See Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 733–34 (9th Cir. 2017) (rejecting provider's preference for "approved," where "authorized" as required by the statute was accurate). In fact, due to the common understanding of "discount," that word would likely be more confusing to small businesses, who are the recipients of these disclosures. *See NAWG*, 85 F.4th at 1278 ("[A]n ordinary consumer would not understand the nuance between 'known' as defined in the statute and 'known' as commonly interpreted without knowledge of the scientific debate on that subject."). The disclosures provide terms calculated using the information in the

4                                          24-50

financing agreement and a description of its meaning and/or characteristics. The record does not support an inference that the disclosures are not literally true.

ii. Nor does the record suggest that the disclosures are misleading as a whole. To be misleading, a disclosure must create an important but false implication about the product offered. *See California Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 479 (9th Cir. 2022) ("*CERT*"). The district court did not abuse its discretion in disregarding SBFA's expert witness's survey evidence on this issue. The control group, which received disclosures about traditional loans, is not a relevant comparator to the test groups, which received disclosures concerning sales-based financing and open-end credit. No part of the survey can be read to establish that the mandated disclosures are misleading, only that they are perhaps more difficult to understand than disclosures about traditional loans. *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) ("Rule 702 of the Federal Rules of Evidence tasks a district court judge with 'ensuring that an expert's testimony . . . is relevant to the task at hand.'" (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993))).[3]

---

[3] Additionally, the survey failed to replicate the conditions that the statute and regulations require by providing only the disclosures without the underlying financing agreement. Therefore, whatever relevance the survey may have, its reliability is in severe doubt and the district court properly disregarded it on that ground, as well. *Elosu*, 26 F.4th at 1023 (district court judge must ensure "that an expert's testimony . . . rests on a reliable foundation[.]" (quotation marks omitted)).

SBFA's evidence of customer complaints about the disclosures also fails to support a reasonable inference that the disclosures are misleading. The district court correctly found that SBFA's witness could not testify as to whether "the customers were complaining about the existence of the disclosures, or merely that the disclosed costs were too high."

Similarly, SBFA's evidence that the disclosures' estimated costs, amount of funding, etc., differ significantly from the actual real-world costs, amount of funding, etc., that result under the financing contracts does not support an inference that the disclosures are misleading. The disclosures clearly state that the values are estimates, based on certain assumptions that may not hold true. *See, e.g.*, Cal. Code Regs., tit. 10, §§ 911(a)(2), 914(a)(3). Without evidence that customers are nonetheless misled or confused by the values, SBFA cannot establish a genuine dispute as to whether the disclosures are misleading.

b. SBFA also does not provide evidence to support an inference that the disclosures are controversial. SBFA challenges only the "Estimated APR" disclosure as controversial. Whether compelled speech is controversial is assessed under both subjective and objective standards. *See NAWG*, 85 F.4th at 1277. The disclosure is not subjectively controversial because presenting mathematical calculations based on the terms of a contract and assumptions stated on the page does not "force" the financial providers "'to convey a message fundamentally at

odds with its mission.'" *Id.* (quoting *CTIA II*, 928 F.3d at 845). SBFA only provides evidence that its members dislike disclosing the term, but that does not equate to a fundamental incompatibility with their beliefs. *See CTIA II*, 928 F.3d at 847 (validating a disclosure about radio-frequency exposure even though the defendant argued it was inflammatory).

Nor does SBFA produce evidence that establishes that the disclosures are objectively controversial. SBFA points to some back-and-forth in the language that California's legislature used for the statute that the regulations are based upon, but "'uncontroversial' does not mean 'unanimous.'" *NAWG*, 85 F.4th at 1278. Moreover, APR is a commonly accepted metric by reputable authorities, such as the Consumer Finance Protetion Bureau, and is used in statutes such as the Truth In Lending Act. *See, e.g.*, 15 U.S.C. § 1606; *see also CTIA II*, 928 F.3d at 848 (finding an ordinance uncontroversial in part because it was "a short-hand description of the warning the FCC already requires cell phone manufacturers to include in their user manuals"). Accordingly, *Zauderer* provides the proper level of scrutiny.

2. "[T]he lower standard applied in *Zauderer* . . . requires the compelled speech be 'reasonably related' to a substantial government interest and not be 'unjustified or unduly burdensome.'" *NAWG*, 85 F.4th at 1275 (quoting *Zauderer*, 471 U.S. at 651). DFPI has the burden of proving that the disclosures are neither

unjustified nor unduly burdensome. *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 756 (9th Cir. 2019). SBFA does not challenge that there is a substantial government interest or that the disclosures are not unduly burdensome on appeal.

SBFA argues that DFPI fails to establish that the disclosures are justified because it did not perform any post hoc assessment of their effectiveness, yet DFPI is not required to produce evidence of effectiveness. *See Zauderer*, 471 U.S. at 650 (rejecting the plaintiff's argument that the government must provide evidence that the "disclosure requirement directly advances the relevant governmental interest"). SFBA does not challenge the evidence that DFPI has put forth regarding the justification, such as an expert report about the confusing nature of online financing services, a study performed by the Federal Reserve Board showing that small businesses struggle to compare financial products, and examples of several financing agreements from SBFA's own members that each use different terminologies and formats. The disclosures are designed to directly confront these issues by providing a set of standardized terms, and DFPI has met its burden in establishing this justification.

**AFFIRMED.**